**DKT MEMORIAL FUND, LTD., et al., Appellants,**

v.

**AGENCY FOR INTERNATIONAL DEVELOPMENT, et al.**

No. 86–5250.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 12, 1987.

Decided Feb. 13, 1987.

1400–01. The issue is therefore properly presented for review.

Richard A. Frank, with whom Michael E. Fine was on the brief, for appellants.

Neil H. Koslowe, Sp. Litigation Counsel, Dept. of Justice, with whom Richard K. Willard, Asst. Atty. Gen., Dept. of Justice, Joseph E. diGenova, U.S. Atty. and Anthony J. Steinmeyer, Asst. Director, Dept. of Justice were on the brief, for appellees.

Before MIKVA and SILBERMAN, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

In this action one domestic and two foreign nongovernmental organizations ("NGOs") challenge the lawfulness of the Agency for International Development's ("AID") implementation of the Policy Statement of the United States of America at the United Nations International Conference on Population, Mexico, August 1984 (the "Policy"). The Policy commits the United States not to contribute funds to foreign NGOs that perform or actively promote abortion as a method of family planning abroad, even if they engage in these abortion-related activities with their own, non-AID funds. AID implemented the Policy by drafting new clauses for insertion in its grants and agreements. A foreign NGO must certify that it does not engage in the prohibited abortion-related activities or provide funds to other foreign NGOs that conduct such activities. Joint Appendix (J.A.) 120–21. A domestic NGO must agree that it "will not furnish assistance under this grant to any foreign [NGO] which performs or actively promotes abortion as a method of family planning in AID-recipient countries or which provides financial support to any other foreign [NGO] that conducts such activities." J.A. 70, 93–94. Appellants seek a declaratory judgment that AID's Policy is inconsistent with, and in excess of, the Foreign Assist-

ance Act of 1961, 22 U.S.C. § 2151 *et seq.* (1982), and the Continuing Appropriations Act, 1985, Pub.L. 98–473, 98 Stat. 1888; is a violation of appellants' first and fifth amendment rights; and is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 702 (1982). Appellants further seek an order enjoining AID's implementation of the Policy.

On cross-motions to dismiss, converted to summary judgment motions, the district court granted summary judgment for AID, finding that the NGOs lacked standing because they could not show injury in fact or that a decision in their favor would redound to their benefit. In a footnote, the court also concluded that even if plaintiffs had standing they would not be able to pursue their case because it presents a political question. 630 F.Supp. 238 (D.C. 1986).

■ As an initial point, we reject the district court's suggestion that appellants' challenges to AID's actions present nonjusticiable political questions. This court recently held that whereas attacks on foreign policymaking are nonjusticiable, claims alleging non-compliance with the law are justiciable, even though the limited review that the court undertakes may have an effect on foreign affairs. *Population Institute v. McPherson*, 797 F.2d 1062, 1068–70 (D.C.Cir.1986) (holding that challenge to AID Administrator's determination of eligibility for AID funds under the Continuing Appropriations Act, 1985, did not constitute a nonjusticiable political question). Appellants do not seek to litigate the political and social wisdom of AID's foreign policy. They challenge the legality of AID's implementation of the Policy. We thus hold that the issues presented in appellants' complaint are not nonjusticiable political questions.

Appellants' standing to prosecute their action poses more difficult questions. Appellants have been engaged in family planning services abroad, both individually and jointly, for several years. They seek AID funding for a project that they jointly undertook to develop a family planning pro-

gram in India. Appellants allege that, as a result of the Policy, they have been denied the opportunity to compete for AID funding because, with their own funds in programs unrelated to AID, they engage in certain voluntary abortion services. But none of the appellant NGOs has either applied to AID directly for funds or been rejected for AID funding. Thus, this case requires us to apply the rules governing when a "non-applicant" has standing to challenge eligibility criteria.

The Supreme Court has recognized that otherwise qualified non-applicants may have standing to challenge a disqualifying statute or regulation. *See Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). In *Arlington Heights*, plaintiffs mounted a legal challenge against a local government's refusal to rezone land to permit the construction of a low- and moderate-income housing complex. One plaintiff asserted that the government's action denied him the opportunity to obtain housing in Arlington Heights. The Supreme Court found that the plaintiff had standing even though he had never applied for housing and could not demonstrate that he, rather than another, would have been selected for the limited available housing. Significant for the Court was the fact that ["t]he complaint alleged that he seeks and would qualify for the housing...." 429 U.S. at 264, 97 S.Ct. at 563. This court recently expounded on nonapplicant standing cases in *West Virginia Association of Community Health Centers v. Heckler*, 734 F.2d 1570 (D.C.Cir. 1984). The court concluded that "[u]nder this line of cases, once appellants demonstrated that they would qualify to receive these funds, they need not shoulder the additional burden of demonstrating that they are certain to receive funding." *Id.* at 1576. Thus, in order to have standing to challenge the Policy, appellants must first show that, without the Policy, they would be qualified to receive AID funds.

The parties to this case disagree as to whether appellants have shown that they

would otherwise qualify to receive funds. The dispute boils down to the question of the way in which appellants must make this showing. The district court and AID contend that non-applicants must affirmatively allege, and produce evidence to support their allegation, that they are "otherwise qualified." Appellants admit they have not made this showing. Rather, they have alleged (and AID has failed to controvert) that they are not otherwise ineligible. *See* Statement of Material Facts for Which Plaintiffs Contend There is No Genuine Issue ¶¶ 4, 7, 10, J.A. 101–02 (stating that each appellant does not engage in activities, other than those prohibited by the Policy, "that would render i[t] ineligible to receive U.S. population assistance funding"). Appellants claim that this demonstration is sufficient.

■ Although the distinction between eligibility and absence of ineligibility may appear unnecessarily "technical," current precedent does not conclusively indicate whether the latter demonstration establishes standing for non-applicants challenging funding eligibility requirements. Nevertheless, we need not resolve the issue in the instant case. During argument before this court, counsel for appellants orally moved to amend appellants' complaint to add the affirmative allegation that, but for the Policy, the appellants would be eligible to receive AID funds. Because we conclude that appellants' failure to affirmatively plead eligibility in their original complaint was more inadvertent than deliberate, and because we believe our action is in the interest of justice, we grant appellants leave to amend their complaint as requested. It follows that the burden of going forward is on the government to traverse appellants' allegations of eligibility other than on the policy grounds *sub judice.*

Accordingly, we reverse the district court order dismissing the original complaint and remand the case for the court's further consideration on this issue of standing in light of the amended complaint. The sooner the court resolves this threshold issue, the sooner the parties may address whether AID's Policy can withstand appellants' substantive challenges.

*It is so ordered.*